**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 17-cr-10305-ADB |
| JOSEPH BAPTISTE | |
| and | |
| ROGER RICHARD BONCY | |
| Defendants | |

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTIONS</u>

Under Fed. R. Crim. P. 30, the United States hereby submits its requests for jury instructions in addition to the Court's usual instructions in the above-captioned action. The government respectfully reserves the right to supplement, modify, or withdraw these instructions in light of the defendant's proposed instructions or developments at trial.

Dated: June 10, 2022

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

By:   /s/*Kriss Basil* _____
KRISS BASIL
Assistant United States Attorney
John Joseph Moakley Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
Tel:  (617) 748-3100

1

kriss.basil@usdoj.gov


JOSEPH S. BEEMSTERBOER
ACTING CHIEF, FRAUD SECTION
CRIMINAL DIVISION

By:      /s/*Katherine A. Raut*
         KATHERINE RAUT
         ANTHONY SCARPELLI
         Trial Attorneys
         United States Department of Justice
         1400 New York Avenue, NW
         Washington, D.C. 20005
         Tel:  (202) 262-2637
         katherine.raut@usdoj.gov
         anthony.scarpelli2@usdoj.gov

2

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/*Katherine A. Raut*____
Katherine Raut
Trial Attorney

3

**Table of Contents**

**Proposed Instruction**                                                  **Page**

1.  The Superseding Indictment in this Case                          5
2.  Conspiracy                                                        7
3.  Objects of the Conspiracy                                        11
4.  Acts and Statements of Co-Conspirators                          17
5.  Travel Act                                                       18
6.  Money Laundering Conspiracy                                      19
7.  Lawfulness or Benefits of Acts or Goals No Defense              20
8.  Solicitation of Bribe Not a Defense                             21
9.  Undercover Investigations                                       22
10. Persons Not on Trial                                            24
11. Use of English Language Recordings and Transcripts             25
12. English Translations of Haitian Creole                         26
13. Stipulations                                                    27

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 1**

**The Superseding Indictment In This Case**

Now I turn to the Superseding Indictment and the laws on which it is based.  First, I remind you that the Superseding Indictment is not evidence of any kind against the defendants, Joseph Baptiste and Roger Richard Boncy.  The Superseding Indictment is just an accusation.  It is a document filed with the Court to bring a criminal charge against a defendant.

An indictment can allege more than one charge against a defendant.  When it does, the different charges are stated separately in what we call "counts."  The Superseding Indictment in this case has three counts charging violations of the criminal laws of the United States:

**Count One** charges both defendants with conspiracy, in violation of section 371 of Title 18 of the United States Code.  Count One alleges that the defendants agreed with each other and others to violate the law in two ways, first, by violating a law called the Travel Act; and second, by violating a law called the Foreign Corrupt Practices Act or FCPA.

The Travel Act is a law that, among other things, prohibits interstate travel or use of things like email or the phone to promote bribery prohibited by United States law.  The FCPA is the federal anti-bribery law at issue here.  Generally speaking, among other things, it prohibits bribery of foreign officials by certain individuals and entities, including United States citizens, to secure an improper advantage in obtaining and retaining business.

**Count Two** charges the defendant Joseph Baptiste with violating the Travel Act directly, in violation of section 1952(a)(3)(A) of Title 18 of the United States Code.  Again, this involves the intent to promote violations of the FCPA.

Finally, **Count Three** charges the defendant Joseph Baptiste with conspiring to commit money laundering by transmitting or transferring funds from the United States to a foreign country

with the intent to promote the carrying on of bribery of foreign officials, in violation of the FCPA.

This is just an introduction.  As I'll explain in a moment, for each count the government must prove several things, what we call the "elements" of each crime, beyond a reasonable doubt. You must give separate consideration to each of the counts in the Superseding Indictment, and to the elements of each count.

*Adapted from*: 1A Kevin F. O'Malley et al., *Federal Jury Practice and Instructions,* No. 12.12 (6th ed. 2008); 2018 Revisions to *Pattern Criminal Jury Instructions for the District Courts of the First Circuit* (updated 3/21/2018), §§ 2.15, 2.17.

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 2**

**Conspiracy**

In Count One, the Superseding Indictment charges Joseph Baptiste and Roger Richard Boncy with conspiracy.  As charged, this was a conspiracy to violate the Travel Act and to violate the FCPA.  I will also talk about one of the underlying offenses – the Travel Act – as a stand-alone, substantive offense in a few minutes, but first I want to talk about the elements of the crime of conspiracy itself.

It is important to understand that conspiracy is a separate, independent crime under federal law, apart from any other crime that may have been the goal of the conspiracy.  To find the defendants guilty of conspiracy, the government does not need to prove that the defendants or anyone else actually committed the crime or crimes that were the goal of the conspiracy.

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime even if the conspiracy is not successful.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

The essence of a conspiracy is two or more people having an agreement, or an understanding, to commit another federal crime.  It is the agreement itself that is illegal.  If a conspiracy exists, even if it does not succeed, the conspiracy itself is still punishable as a crime.

The crime of conspiracy is defined in Title 18, United States Code, Section 371, which says the following:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of a crime].

7

For you to find the defendants guilty of the crime of conspiracy, you must find that the government has proven each of the following things beyond a reasonable doubt:

First, the existence of the conspiracy charged, that is, the agreement specified in the Superseding Indictment, and not some other agreement or agreements, between at least two people to violate the Travel Act and to violate the FCPA;

Second, that the defendant willfully joined in that agreement; and

Third, that at least one member of the conspiracy committed at least one overt act during the course of the conspiracy in an effort to further the goal of the conspiracy.

i.  *Nature of the Agreement*

A conspiracy is an agreement between two or more people.  It can be spoken or unspoken. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, although you may consider such factors.

You may, of course, find that the existence of an agreement to disobey or disregard the law has been established by direct proof.  However, since a conspiracy is, by its very nature, characterized by secrecy, you may also infer its existence from the circumstances of this case and the conduct of the parties involved.  In determining whether an agreement existed here, you can consider the actions and statements of those you find were participants as proof that a common design existed on the part of the participants to act together to accomplish an unlawful purpose.

ii.  *Willfully*

If you conclude that the government has proven beyond a reasonable doubt that the conspiracy existed, you must next decide whether the government has proven beyond a reasonable doubt that the defendant willfully joined that conspiracy and agreed to take part in the conspiracy to further promote and cooperate in its unlawful objective.  To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake.  The government must prove two types of intent beyond a reasonable doubt before a defendant can be said to have willfully joined the conspiracy: an intent to agree, and an intent, whether reasonable or not, that the underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors.  Intent may be inferred from the surrounding circumstances.

Proof that a defendant willfully joined in a conspiracy must be based on evidence of his own words or actions, but you may infer a defendant's intent from the surrounding circumstances. You need not find that a defendant agreed specifically to, or knew about, all the details of the crime, or knew every other co-conspirator, or that he participated in every act performed in furtherance of the conspiracy, or even that he played a major role.  But the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture, and participated in it with an intent to aid in the accomplishment of its unlawful objective.

### iii.  *An Overt Act is Required*

As to the last element of the crime of conspiracy, the government must prove that some member of the conspiracy committed at least one overt act during the course of the conspiracy, in an effort to further the conspiracy's goals.  An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy.  The overt act

does not have itself to be criminal, and may even appear innocent and legal, so long as it is done for the purpose of furthering the conspiracy. Several overt acts are described in the Superseding Indictment, but the government only needs to prove that at least one of them occurred. You also may find that overt acts occurred that are not listed in the Superseding Indictment.

The government also is not required to prove that the defendants personally committed or knew about an overt act. It is sufficient if any one conspirator committed one overt act at some point during the period of the conspiracy charged in the Superseding Indictment.

The government does not have to prove that the conspiracy succeeded or achieved its goals. The crime of conspiracy is complete upon the agreement to commit the underlying crime or crimes and the commission of any one overt act.

*Adapted from* 2018 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (updated 3/21/2018), § 4.18.371(1); Jury Instructions, *United States v. Ng,* No. 18-cr-538 (E.D.N.Y. Apr. 7, 2022), Jury Instructions at 4564-4576; *see also* O'Malley, Grenig, & Lee, 2 *Fed. Jury Prac. & Instr.* § 31:07 (5th ed.) ("The overt act may, but for the alleged illegal agreement, appear totally innocent and legal."); *United States v. Munoz-Franco*, 487 F.3d 25, 46 (1st Cir. 2007) (citing *Griffin v. United States*, 502 U.S. 46, 56-57 (1991)).

Note that the First Circuit model instruction includes a definition of "willfulness" that exceeds the degree of *mens rea* required for this charge. This proposed instruction defines the term in a manner that mirrors the definition of "willfulness" applicable to the other charged offense, which has willfulness as an element, while clarifying that the willful intent must extend both to agreement and to criminal objective. *See, e.g.*, *United States v. Feola*, 420 U.S. 671, 687 (1975) (conspiracy defendant need not know that his conduct violated the law); *United States v. Sclamo*, 578 F.2d 888, 891 (1st Cir. 1978) (rejecting defendant's challenge to conspiracy instruction, noting, "[t]he underlying substantive statute does not require a showing of specific *mens rea*; the conspiracy count requires no greater degree of scienter than the substantive count.").

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 3**

**Objects of the Conspiracy**

The Superseding Indictment charges a conspiracy with two objects.  The government can convict the defendants by proving one object or both objects.

The first object is a violation of the Travel Act, which makes it a federal crime to travel in interstate or foreign commerce with the intent of furthering bribery that constitutes a violation of United States law.  Here, that law is the Foreign Corrupt Practices Act, or FCPA.  For the purposes of the first object, the government has to prove an agreement between at least two people to violate the Travel Act by promoting or carrying on a violation of the FCPA.  This means an agreement to travel in interstate or foreign commerce or to use the mail or the internet (*e.g.*, e-mail) or the phone or any facility of interstate commerce for the purpose of violating the FCPA.

"Interstate commerce" includes commerce or travel between one state and another state and the use of the mail, telephone, or internet.  There is no requirement that the interstate travel or use of interstate facilities be essential to the scheme.  It is enough if the interstate travel or use of interstate facilities made the unlawful activity easier.  "Foreign commerce" includes commerce with or travel to or from a foreign country.

The second object is the violation of the FCPA.  The government has to prove an agreement for a "domestic concern" to violate the FCPA by offering to pay, paying, promising to pay, or authorizing a payment for certain business purposes, which will be explained later in more detail. To prove a violation of the FCPA, the government must prove the following seven elements, each of which I will explain to you in more detail.  Because the defendants are charged with conspiring to violate the FCPA and *not an actual violation of the FCPA*, the government only needs to prove that the defendants agreed to undertake acts that would prove each of these elements, not that they

11

actually undertook those acts.  The elements are as follows:

First, at the relevant time or times, the defendant was a domestic concern or an officer, director, employee, or agent of a domestic concern, or a stockholder thereof, acting on behalf of such domestic concern;

Second, that the defendant acted corruptly and willfully;

Third, the defendant made use of or caused another to make use of the mails or any means or instrumentality of interstate or foreign commerce in furtherance of the offense;

Fourth, the defendant offered, paid, promised to pay, or authorized the payment of money or a gift or anything of value;

Fifth, that the offer, promise to pay, or authorization of the payment of money or a gift or anything of value was either (a) to a foreign official, or (b) to any other person or entity while the defendant knew that all or a portion of the payment would be offered, given, or promised, directly or indirectly, to a foreign official;

Sixth, that the payment was intended for any one of three purposes relevant to this action: (a) to influence any act or decision of a foreign official in his or her official capacity; (b) to induce such foreign official to do or omit to do any act, in violation of the lawful duty of such sworn official; (c) to induce that foreign official to use his or her influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality; or (d) to secure any improper advantage; and

Seventh, the payment was made to assist the domestic concern in obtaining or retaining business for or with, or directing business to, any person or company.

The first element of an FCPA violation is that the defendant was a "domestic concern."  A "domestic concern" is: (a) any individual who is a citizen, national, or resident of the United States;

or (b) any corporation, partnership, association, joint stock company, business trust, unincorporated organization, or sole proprietorship that has its principal place of business in the United States, or that is organized under the law of a state of the United States, or a territory, possession, or commonwealth of the United States.  The terms "officer," "director," and "employee" have their ordinary meaning.  An agent is a person who by express or implicit agreement with another person or entity, called the principal, undertakes to represent, or to act on behalf of, the principal in performing some service for the principal.  Joint participation in a partnership or joint venture, whether formal or informal, suffices to make each partner or joint venturer an agent of the other.  An agent is acting within the scope of the agent's authority if the agent is engaged in the performance of duties that were expressly or implicitly assigned to the agent by the principal.  Proof of agency need not be in the form of a formal agreement between the agent and the principal.  Rather, it may be inferred circumstantially and from the words and actions of the parties involved.

The second element of an FCPA violation is that the defendant acted willfully and corruptly.  I have already told you about the meaning of "willfully."  I add only that the individual need not have been aware of the specific provision of the law that he is charged with violating, or any other specific provision.  The FCPA also requires that an act be done "corruptly," meaning voluntarily and intentionally and with a bad purpose or evil motive of accomplishing either an unlawful end or result, or a lawful end or result by some unlawful method or means.  The term "corruptly" in the FCPA means that the offer, payment, or promise was intended to induce a foreign official to misuse his or her official position.

The third element of an FCPA violation is that a defendant, or someone acting at a defendant's direction, or with his authorization, made use of interstate or foreign commerce in

furtherance of the offense. "Interstate commerce" includes commerce or travel between one state and another state and the use of the mail, telephone, or internet. There is no requirement that the interstate travel or use of interstate facilities be essential to the scheme. It is enough if the interstate travel or use of interstate facilities made the unlawful activity easier. "Foreign commerce" includes commerce with or travel to or from a foreign country.

The fourth element of an FCPA violation is that the defendant that the defendant offered, paid, promised to pay, or authorized the payment of money or a gift or anything of value. A "thing of value" can take any form, including cash, check, wire transfer, gifts, donations, contributions, or anything else. It is not required that the defendant provide or offer the thing of value himself. Rather, a defendant who engages in bribery of a foreign official indirectly, through any other person or entity, is liable under the FCPA just as if the defendant had engaged in the bribery directly. Thus, if you find that a defendant authorized another person to pay a bribe, that authorization alone is sufficient for you to find that this element has been proved.

Furthermore, it is not necessary that any payment actually take place. Instead, it is the offer or the authorization that completes the crime. It is sufficient simply if the defendant believed that a bribe would be offered or paid or that he promised or authorized the offer or payment.

The fifth element of an FCPA violation is that the offer to pay, payment, promise to pay, or authorization of payment was to a foreign official, or to any person or entity, while the defendant knew that all or a portion of the payment or gift would be offered, given, or promised, directly or indirectly, to a foreign official. For purposes of the FCPA, a person's state of mind is "knowing" with respect to conduct, a circumstance, or result if: (1) such person is aware that such person is engaging in such conduct, that such circumstance exists, or that such result is substantially certain to occur; or (2) such person has a firm belief that such circumstance exists or such result is

14

substantially certain to occur. For purposes of the FCPA, a person is deemed to have such knowledge if the evidence shows that he or she was aware of a high probability of the existence of such circumstance, unless he or she actually believes that such circumstance does not exist.

The term "foreign official" means any official or employee of a foreign government, or any department, agency, or instrumentality thereof, or any person acting in an official capacity for on or behalf of any such government or department, agency, or instrumentality. An "instrumentality" of a foreign government is an entity controlled by the government of a foreign country that performs a function the government treats as its own.

The sixth element of an FCPA violation is that the offer, promise, payment, or authorization was intended for any one of four purposes: (a) to influence any act or decision of a foreign official in his or her official capacity; (b) to induce the foreign official to do or omit to do any act in violation of that official's lawful duty; or (c) to induce that foreign official to use his or her influence with a foreign government or agency or instrumentality thereof to affect or influence any act or decision of such government or agency or instrumentality; or (d) to secure any improper advantage. The offer to pay, payment, promise to pay, or authorization of payment does need not be for all of these purposes. If the offer to pay, payment, promise to pay, or authorization of payment was for any of these purposes, or more than one, this element has been met.

The seventh and final element of an FCPA violation is that the offer, promise, payment, or authorization was made to assist the domestic concern in obtaining or retaining business for or with, or directing business to, any person or company. It is not necessary for the government to prove that any person or company actually obtained or retained any business whatsoever as a result of the unlawful offer, payment, promise, or gift.

The government has to prove the conspiracy as charged in the Superseding Indictment, but

15

as I noted earlier, the government does not have to prove every object of a conspiracy. Where, as here, a defendant is charged with conspiring to commit two offenses, the charge may be sustained by sufficient evidence of conspiracy to commit either of the offenses, but you must all agree on which objective has been proven beyond a reasonable doubt.

The government also does not have to prove that the conspiracy succeeded with respect to any object of the conspiracy. The crime is complete with an agreement and only one overt act.

That means that the government does not have to prove that the defendants actually violated the Travel Act or paid, offered, promised, or authorized a bribe in violation of the FCPA.

Adapted from 18 U.S.C. § 1952(a)(3); 15 U.S.C. § 78dd-2(a)(3); 18 U.S.C. § 10; 2018 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (updated 3/21/2018), § 4.18.371(1); *Griffin v. United States*, 502 U.S. 46, 60 (1991); *United States v. Munoz-Franco*, 487 F.3d 25, 46 (1st Cir. 2007).

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

### Acts And Statements Of Co-Conspirators

Evidence has been admitted in this case that certain persons, including the defendants and others who are alleged to be co-conspirators of the defendants, did or said certain things. The acts or statements of any member of a conspiracy are treated as the acts or statements of all the members of the conspiracy, if these acts or statements were performed or spoken during the existence of the conspiracy and to further the objectives of the conspiracy.

Therefore, you may consider as evidence against the defendants any acts done or statements made by any members of the conspiracy, during the existence of and to further the objectives of the conspiracy. You may consider these acts and statements even if they were done and made in either defendant's absence and without either defendant's knowledge. As with all the evidence presented in this case, it is for you to decide whether you believe this evidence and how much weight to give it.

*Adapted from* S1 Modern Federal Jury Instructions-Criminal 6.18.371K (2018).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 5**

**Travel Act**

Count Two of the Superseding Indictment charges Joseph Baptiste with violating the Travel Act. It is against federal law to travel across state lines or national borders or to use the mail, the internet (*e.g.*, e-mail), the telephone, or any other means or instrumentality of interstate commerce with the intent to promote or to further bribery prohibited by United States law, which, as I have discussed, is the FCPA in this case. For you to find a defendant guilty of this crime, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, that the defendant traveled or caused someone else to travel in interstate commerce or in foreign commerce or that he used or caused someone else to use an interstate facility such as the mail, the internet, or the telephone;

Second, that he did so with the intent to promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on of an unlawful activity, here the violation of the FCPA through the offer or payment of bribes to foreign officials; and

Third, that he later performed or attempted to perform acts in furtherance of promoting, managing, establishing, carrying on, or facilitating the payment of those bribes.

*Adapted from* 2018 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (updated 3/21/2018), § 4.18.1952.

### GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

### Money Laundering Conspiracy

Count Three of the Superseding Indictment charges Joseph Baptiste with conspiring to violate the money laundering statute, Title 18, United States Code, Section 1956(a)(2)(A), which, in simple terms, prohibits moving money from inside the United States to somewhere outside the United States to promote certain kinds of crimes, including violations of the FCPA.

To prove conspiracy to commit money laundering as charged in the Superseding Indictment, the government must prove:

First: two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan to violate Title l8, United States Code, Section 1956, as charged in the Superseding Indictment; and

Second:  the defendant, knowing the unlawful purpose of the plan, willfully joined in it.

Unlike the conspiracy charged in Count One, the conspiracy charged in Count Three does not require any proof of an overt act in furtherance of the conspiracy.

Therefore, to convict defendant Baptiste on Count Three, the government has to prove that the defendant joined a plan to transport, transmit, or transfer, or to attempt to transport, transmit, or transfer money from inside the United States to somewhere outside the United States to promote or to carry out a violation of the FCPA.  The government does not have to prove any of the elements of the underlying money laundering charge to convict the defendant.  Willful participation in the agreement is enough to convict.

*Adapted from* 2018 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (updated 3/21/2018), § 4.18.1956(h); *United States v. Misla-Aldarondo*, 478 F.3d 52, 68 (1st Cir. 2007); 18 U.S.C. § 1956(a)(2)(A); S3 Modern Federal Jury Instructions-Criminal 74.5 (2018).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 7**

**Lawfulness or Benefits of Acts or Goals No Defense**
[If Applicable]

With respect to all counts, it is not a defense that the acts a defendant intended Haitian officials to take may have been desirable or beneficial to the public or to any particular country, or would not have harmed the United States, the public, or any particular country. It is also not a defense that the Haitian officials might have performed the same act or acts had the defendant not conspired to offer them corrupt payments. Nor is it a defense that the acts taken by the Haitian officials were otherwise lawful or that the corrupt payments the defendant intended to make may have been only the first step in an otherwise lawful or proper process.

The laws in this case are not concerned with the results of an offer or giving of corrupt payments, but rather with a defendant's intention to make such corrupt payments.

*Adapted from* the charge of the Hon. Loretta A. Preska in United States v. Eric Stevenson, 13 Cr. 151 (LAP). *See United States v. Alfisi*, 308 F.3d 144, 151 (2d Cir. 2003) (a public official acts "corruptly" even where the official's actions were legally correct and benefitted the public) (citing *United States v. Manton*, 107 F.2d 834, 845 (2d Cir. 1939*)); see also City of Columbia v. Omni Outdoor Advertising, Inc.*, 499 U.S. 365, 378 (1991) ("A mayor is guilty of accepting a bribe even if he would and should have taken, in the public interest, the same action for which the bribe was paid."); *United States v. Orenuga,* 430 F.3d 1158, 1165 (D.C. Cir. 2005) (proper to charge jury that "[i]t is not a defense to the crime of bribery that had there been no bribe, the public official might have lawfully and properly performed the same act" (internal quotation marks omitted)); *United States v. Quinn,* 359 F.3d 666, 675 (4th Cir. 2004) ("it does not matter whether the government official would have to change his or her conduct to satisfy the payor's expectations"); *United States v. Jannotti,* 673 F.2d 578, 601 (3d Cir. 1982) ("it is neither material nor a defense to bribery that had there been no bribe, the [public official] might, on the available data, lawfully and properly have made the very recommendation that [the briber] wanted him to make" (internal quotation marks omitted)).

20

## **GOVERNMENT'S PROPOSED INSTRUCTION NO. 8**

### **Solicitation of Bribe Not a Defense**

It does not matter who suggested that a corrupt offer, payment, promise or gift be made. The FCPA prohibits any offer, promise, authorization, payment or gift intended to influence the recipient, regardless of who first suggested it. It is not a defense that the offer, promise, or payment was demanded on the part of a government official as a price for continuing to do business or other benefit or that the business may be harmed if the payment is not made. That the offer to pay, payment, promise to pay, or authorization of payment may have been first suggested by the recipient is not deemed an excuse for a defendant's decision to make a corrupt payment, nor does it alter the corrupt purpose with which the offer to pay, payment, promise to pay, or authorization of payment was made.

*United States v. Ho*, No. 17-cr-779 (S.D.N.Y. Dec. 4, 2017), Jury Instructions at 1096-97; *United States v. Ng Lap Seng,* No. 15-cr-706 (S.D.N.Y. July 26, 2017), Jury Instructions at *4262; United States v. Esquenazi*, No. 09-cr-21010 (S.D. Fla. Aug. 5, 2011), ECF No. 520 (Jury Instructions), at 26; *see United States v. Kozeny*, 582 F.Supp. 2d 535, 540 & n.31 (S.D.N.Y. 2008) (finding that a bribe payor who claims payment was demanded as a price for gaining market entry or obtaining a contract "cannot argue that he lacked the intent to bribe the official because he made the 'conscious decision' to pay the official.").

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 9**

**Undercover Investigation**
[If Applicable]

You have heard evidence that the government conducted what is known as a "proactive" or "undercover" or "sting" investigation. It is lawful for law enforcement officials to offer a defendant an opportunity to commit one or more crimes. It is also proper for the government to use a "sting," at least where it amounts to providing a defendant with an opportunity to commit a crime.

Without this kind of law enforcement weapon, it would often prove difficult, or impossible, to stop certain serious criminal activity.

The government need not have a reasonable suspicion that a person was engaged in criminal activity before offering that person an opportunity to commit a crime. Likewise, law enforcement officials are not precluded from engaging in stealth and deception, such as the use of cooperating witnesses, informants, and undercover agents, in order to apprehend persons engaged in criminal activities. It is sometimes necessary and permissible for the government to use cooperating witnesses, artifices, ruses and undercover agents or investigators who may use assumed names and conceal their true identity and who, in order to discover violators of the Federal criminal laws, present opportunities to violate those laws to those who are ready and willing to violate those laws. The government may utilize a broad range of schemes and ploys to ferret out criminal activity.

Adapted from U.S. v. Prange, Docket No. 11-cr-10415 (D. Mass.) (Gorton, DJ); Ninth Circuit Manual of Model Jury Instructions -- Criminal Committee on Model Jury Instructions Ninth Circuit, § 4.10 (2010); United States v. Fera, 616 F.2d 590, 596-97 (1st Cir. 1980) (approving of district court's instruction on the use of undercover agents, even in the absence of an entrapment instruction, when the defense had argued that the government's actions were improper); see also United States v. Hoyt, 879 F.2d 505, 511 (9th Cir. 1989) (district court did not err in giving

undercover agent instruction even without an entrapment instruction when the defense had suggested that government agent's behavior had been improper), amended on other grounds, 888 F.2d 1257 (9th Cir. 1989); see generally United States v. Allibhai, 939 F.2d 244, 249 (5th Cir. 1991) (courts which have addressed the issue "have uniformly dismissed the notion that the government must have a pre-existing basis for suspecting criminal activity before targeting an individual in an investigation.") (citing cases).

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 10**

**Persons Not On Trial**

If you conclude that other persons may have been involved in criminal acts charged in the Superseding Indictment, you may not draw any inference, favorable or unfavorable, toward either the Government or the defendants from the fact that those persons are not named as defendants in the Superseding Indictment or are not present at this trial.  In addition, you may not speculate as to the reasons why other persons are not defendants in this trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors at this trial.

*Adapted from the charge of the Hon. Kimba M. Wood in United States v. Cespedes-Pena, 14 Cr. 520 (S.D.N.Y. 2015); see also United States v. Muse, No. 06 Cr. 600 (DLC), 2007 WL 1989313, at \*22 (S.D.N.Y. July 3, 2017).*

**GOVERNMENT'S PROPOSED INSTRUCTION NO. 11**

**Use of English Language Recordings and Transcripts**
[Preliminary Instruction]

In this case, you are going to hear audio recordings and see videos of conversations.  This is proper evidence for you to consider.  In order to help you, I am going to allow you to have a transcript to read along as the tape is played.  The transcript is merely to help you understand what is said on the recording.  If you believe at any point that the transcript says something different from what you hear on the tape, remember it is the tape that is the evidence, not the transcript.  Any time there is a variation between the tape and the transcript, you must be guided solely by what you hear or see on the recording and not by what you read in the transcript.

*Adapted from* 2018 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (updated 3/21/2018), § 2.09.

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

### English Translations of Haitian Creole and French
[Preliminary Instruction]

You are also going to hear recordings in Haitian Creole and French. English-language translations in the form of transcripts of the recordings may be admitted into evidence.

Some of you may know Haitian Creole or French, but it is important that all jurors consider the same evidence. You must not rely on any knowledge you may have of the language spoken on the recording; your consideration of the transcript must be based on the evidence in the case. Therefore, you must accept the English translation contained in the transcript even if you would translate it differently.

### [IF APPLICABLE]

The accuracy of the transcripts is disputed in this case. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript is accurate, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, the audibility of the recording, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You may not independently translate any language spoken on a recording. You may only consider as evidence translations that have been admitted into evidence in this case.

*Adapted from* S3 Modern Federal Jury Instructions-Criminal 1.12 (2018).

26

## GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

### Stipulations
[If Applicable]

The evidence in this case includes facts to which the parties have agreed or stipulated. A stipulation means simply that the government and the defendant accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

2018 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit (updated 3/21/2018), §2.01.